In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00060-CR
_____


TYRONE EUGENE GLASPIE, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the County Court at Law
Polk County, Texas
Trial Cause No. 2018-0190


**MEMORANDUM OPINION**

Tyrone Eugene Glaspie appeals his conviction for driving while intoxicated,

a Class B misdemeanor.[1] Glaspie's court-appointed appellate counsel submitted an

*Anders* brief in the appeal. In her brief, counsel contends no arguable grounds can

---

[1] *See* Tex. Penal Code Ann. § 49.04.

be advanced to support Glaspie's appeal.[2] Counsel's brief presents a professional evaluation of the record, and she explains in the brief why she has not been able to raise an arguable issue to support Glaspie's appeal.[3] Subsequently, we granted an extension of time, allowing Glaspie time to file a *pro se* response. He did not file one.

The record before us shows that in May 2018, the State charged Glaspie, by information, with misdemeanor driving while intoxicated (Class B) based on an offense he committed in April 2018.[4] Six months later, Glaspie pleaded not guilty and the case went to trial. The jury that decided the case found Glaspie guilty. Glaspie elected to have the trial court assess punishment, the court conducted a punishment hearing and assessed a six-month sentence. Then, the court chose to suspend the sentence and placed Glaspie on community supervision for a period of

---

[2] *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

[3] *See id.*

[4] *See* Tex. Penal Code Ann. § 49.04.

2

twelve months.[5] The court also ordered Glaspie to pay a fine, restitution, and court costs.[6]

After reviewing the appellate record and the *Anders* brief filed by counsel, we agree with counsel's conclusion that no arguable issues are available to support Glaspie's appeal. We further conclude Glaspie's appeal is frivolous. Consequently, we need not order the appointment of new counsel to re-brief Glaspie's appeal.[7]

Nevertheless, the trial court's judgment contains a clerical error because it incorrectly reflects that Glaspie pleaded "GUILTY." We may modify a trial court's judgment to make the record speak the truth if we have the necessary information before us to do so.[8] Our authority to correct a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court."[9] We may act *sua sponte* and may have the duty to do

---

[5] *See id.* § 12.22.

[6] *See id.*

[7] *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring court appointment of other counsel only if it is determined that arguable grounds exist to support the appeal).

[8] Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993).

[9] *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd).

so.[10] Accordingly, we modify the trial court's judgment in Trial Court Cause Number 2018-0190 to reflect that Glaspie pleaded "NOT GUILTY." The trial court's judgment, as reformed, is affirmed.[11]

AFFIRMED AS REFORMED.

_____
HOLLIS HORTON
Justice

Submitted on November 12, 2019
Opinion Delivered March 18, 2020
Do Not Publish

Before Kreger, Horton and Johnson, JJ.

---

[10] *Id.* at 530.

[11] Glaspie may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

4